**THE LAW OFFICES OF JOHN L. BURRIS**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com

**THE LAW OFFICES OF JOHN L. BURRIS**
DeWITT M. LACY, Esq. (SBN 258789)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiff(s)
Jesse Dunivin

### UNITED STATE DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE DUNIVIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE, a municipal corporation; TIMOTHY QUICK, individually and in his official capacity as a Sheriff's deputy for the Riverside County Sheriff's Department; JONATHAN VANDERWIELEN, individually and in his official capacity as a deputy for the Riverside County Sheriff's Department; MAXIE BARKER, individually and in her official capacity as a deputy for the Riverside | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>42 U.S.C. § 1983: First, Fourth, and Fourteenth Amendments<br>42 U.S.C. § 1985: Conspiracy to Interfere with Civil Rights<br>Cal. Civ. Code § 52.1<br>Pendant Tort Claims<br><br>**<u>JURY TRIAL DEMANDED</u>** |

COMPLAINT FOR DAMAGES

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

County Sheriff's Department;
DEIDRE RITTER, individually and
in her official capacity as a sergeant
for the Riverside County Sheriff's
Department; JOSE AYALA,
individually and in his official
capacity as a sergeant for the
Riverside County Sheriff's
Department; HARRY COHEN,
individually and in his official
capacity as a sergeant for the
Riverside County Sheriff's
Department; and DOES 1 through 50,
inclusive, individually, and in their
official capacity as agents for the
County of Riverside and the
Riverside County Sheriff's
Department,

Defendants.

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

## **INTRODUCTION**

1.     This civil rights case arises out of the egregious physical and emotional harm inflicted upon Plaintiff Jesse Dunivin by deputies of the Riverside County Sheriff's Department. On or about November 23, 2019, while attempting to contact a roommate of Plaintiffs, Defendant Deputies of the Riverside County Sheriff's Office unreasonably assaulted Mr. Dunivin and directed a deployed K9 deputy to maul the back of Mr. Dunivin's right leg, near the hamstring, without just cause. Mr. Dunivin sustained tragic life-altering injuries that have caused numerous continuing complications.

2.     This action seeks compensatory and punitive damages from Defendants, inclusive, for violating Mr. Dunivin's rights under the United States Constitution and state law in connection with the unjustified, grossly excessive, and thereby, entirely unreasonable use of force inflicted upon him.

//

## JURISDICTION AND VENUE

3.      This action arises under Title 42 of the United States Code, §§ 1983 and 1985. Title 28 of the United States code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Moreno Valley, County of Riverside, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

4.      Venue if proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

5.      Plaintiff JESSE DUNIVIN (hereinafter "Plaintiff") has been, and is, a resident of the state of California and is a United States citizen.

6.      Defendant COUNTY OF RIVERSIDE (hereinafter "County") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California. At all times mentioned herein, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the Riverside County Sheriff's Office and its tactics, methods, practices, customs, and usages. At all relevant times, Defendant County was the employer of Defendants DEPUTY TIMOTHY QUICK, DEPUTY JONATHAN VANDERWIELEN, DEPUTY MAXIE BARKER, SERGEANT DEIDRE RITTER, SERGEANT JOSE AYALA, and DOES 1 – 50. (collectively "Defendant Deputies")

7.      Defendant TIMOTHY QUICK (hereinafter "Defendant QUICK") was a deputy for the Riverside County Sheriff's Department and is sued individually and in his official capacity.

//

//

The Law Offices of John L. Burris

9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

8.      Defendant JONATHAN VANDERWIELEN (hereinafter "Defendant VANDERWIELEN") was a deputy for the Riverside County Sheriff's Department and is sued individually and in his official capacity.

9.      Defendant MAXIE BARKER (hereinafter "Defendant BARKER") was a deputy for the Riverside County Sheriff's Department and is sued individually and in her official capacity.

10.     Defendant DEIDRE RITTER (hereinafter "Defendant RITTER") was a sergeant for the Riverside County Sheriff's Department and is sued individually and in her official capacity.

11.     Defendant JOSE AYALA (hereinafter "Defendant AYALA") was a sergeant for the Riverside County Sheriff's Department and is sued individually and in his official capacity.

12.     Defendant HARRY COHEN (hereinafter "Defendant COHEN") was a sergeant for the Riverside County Sheriff's Department and is sued individually and in his official capacity.

13.     Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

COMPLAINT FOR DAMAGES

will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

14.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

15.     Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff filed a claim against the County of Riverside that was endorsed by the County on June 1, 2020. The County notified Plaintiff of its rejection of this claim on July 9, 2020. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## PRELIMINARY ALLEGATIONS

16.     The County of Riverside is a public entity being sued under Title 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments of the United States Constitution, various California state laws, the California Tort Claims Act, and the Government Code for the acts and omissions of the Defendant Officers and Defendant DOES 1 through 50, and each of them, who at the time they caused Plaintiff's injuries and damages were duly appointed, qualified, and acting officers, employees, and/or agents of the County and acting within the course and scope of their employment and/or agency.

//

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

COMPLAINT FOR DAMAGES

17.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

18.     Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1 through 50, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendant individually, jointly, or severally.

## FACTUAL ALLEGATIONS

19.     On information and belief, on November 23, 2019, Plaintiff was at his home at 25327 Juanita Ave, Moreno Valley in the County of Riverside when his home was suddenly surrounded by approximately nine members of the Riverside County Sheriff's Department accompanied by a helicopter. Among these deputies were Defendants QUICK, accompanied by K9 Wrex, VANDERWIELEN, BARKER, RITTER, AYALA, and COHEN. (Collectively "Defendant Deputies").

20.     The Defendant Deputies immediately started banging on Plaintiff's front door, announcing that they were searching a roommate of Plaintiff's. Plaintiff immediately called his roommate who was in the process of turning himself in. The roommate suspect informed Plaintiff that he had in fact spoken to Defendant RITTER, a Riverside Sheriff sergeant on scene, just prior to the Defendant Deputies contact with Plaintiff and informed Defendant RITTER that he was not at home. On information and belief, Defendant RITTER was thus aware that the suspect was not at Plaintiff's address at that time.

COMPLAINT FOR DAMAGES

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

21.     Plaintiff and another roommate began to exit the front door and were met by approximately eight to ten deputies with their service weapons drawn. The Defendant Deputies had positioned their squad cars so that the headlights and flood lights pointed directly at the front door of Plaintiff's home, in addition to having the light bars on.

22.      Fearful for the safety of himself and his roommate, Plaintiff immediately told the Defendant Deputies not to shoot and attempted to explain that the individual they were searching for was not at home. Plaintiff was holding his phone and an e-cigarette clearly visible in his hands and announced that he was holding an e-cigarette. On information and belief, the Defendant Deputies were thus aware that Plaintiff was not holding any weapons.

23.     Plaintiff's roommate exited the home first, walked along the pathway to a yet to be identified Riverside deputy, and was taken into custody.

24.     Plaintiff suffered from an ocular condition at the time that rendered him functionally blind in bright lighting and thus was having an exceedingly difficult time seeing with the Defendant Deputies directing their vehicle lights and flashlights at him.

25.     As Plaintiff exited his home with his hands up, he explained to the Defendant Deputies that he was unable to see because of the lights, thus the Defendant Deputies knew or should have known of his condition.

26.     Nevertheless, the Defendant Deputies refused to lower their lights and ordered Plaintiff to keep his hands up. Plaintiff immediately complied.

27.     The Defendant Deputies then ordered Plaintiff to turn around and walk directly to them, a path that would have forced him to walk through the mud in bare feet. Plaintiff calmly explained that he would comply with the Defendant Deputies requests to walk to them backwards with his hands up but that he would not walk through the mud.

//

**COMPLAINT FOR DAMAGES**

28.     Throughout this encounter, the Defendant Deputies had become increasingly agitated. But when Plaintiff refused to comply with the Defendant Deputies unreasonable request to walk barefoot through the mud for no discernable reason, the Defendant Deputies started shouting threats and obscenities at Plaintiff while continuing to order him to walk through the mud.

29.     When Plaintiff attempted to explain his ocular condition again, the Defendant Deputies began threatening Plaintiff, telling him that they were going to use their TASERs and release a K9 on him if he did not immediately step backwards into the mud.

30.     Fearful for his safety, Plaintiff turned his back to the group to comply with the Defendant Deputies and protect his eyes from the light and walked to them through the mud.

31.     As he neared the amassed deputies, Plaintiff heard a yet to be identified Defendant Deputy tell him to put his hands behind his back. Plaintiff complied.

32.     On information and belief, as Plaintiff turned to face the deputies, a yet to be identified deputy shone their flashlight directly in Plaintiff's eyes causing Plaintiff to flinch due to his ocular condition.

33.     On information and belief, suddenly and without just cause or provocation, Defendant VANDERWIELEN punched Plaintiff in the head multiple times, causing him to fall to the ground face up.

34.     While lying on the ground motionless, with his hands visible, Defendants VANDERWIELEN, RITTER, and/or BARKER dropped on top of Plaintiff, ramming their knee into Plaintiff's chest with their full body weight. Plaintiff felt his chest collapse under the pressure and was unable to catch his breath.

//

//

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

35.     On information and belief, during this melee, a yet to be identified Defendant Deputy yelled at Plaintiff's neighbors to return to their homes to ensure there would not be any civilian witnesses to the assault.

36.     After being hauled to his feet by Defendant Deputies, Plaintiff, dazed by the knee to his chest and punches to the head, attempted to stand but was forced to the ground again by Defendant Deputies, face down, several feet away.

37.     As Plaintiff was on the ground, unarmed and trying to comply with the Defendant Deputies requests to put his hands behind his back, Defendants VANDERWIELEN, BARKER, and RITTER jumped on top of Plaintiff, screaming for him to put his hands behind his back. Plaintiff was unable to move because of the weight of the Defendant Deputies and so was not able to comply with their orders to put his hands behind his back.

38.     On information and belief, Defendants VANDERWIELEN and BARKER were controlling Plaintiff's upper body while Defendant Ritter held his legs.

39.     Though Plaintiff was unarmed, functionally blind, compliant, and not the subject of their current investigation, Defendant QUICK decided that being actively restrained by three deputies with five more on scene, including a helicopter and K9, was not sufficient to ensure Plaintiff's safe seizure and deployed his police service dog, K9 Wrex.

40.     Just before deploying the K9, Defendant Quick said he would release the dog if Plaintiff did not give them both his hands, looked quickly to make sure there were no civilian witnesses to the incident, and deployed the K9 without giving Plaintiff a fair opportunity to comply with the request.

41.     When deploying K9 Wrex, Defendant QUICK ordered Defendant RITTER to release Plaintiff's leg as he brought Wrex close and then proceeded to hold K9 Wrex's head on Plaintiff's hamstring.

//

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

42.     With Defendant QUICK guiding its head, K9 Wrex immediately bit into Plaintiff's leg, near his hamstring, where it agonizingly tore through the skin for over a minute, mangling muscles, tendons, and blood vessels as it masticated. Even as Plaintiff screamed in pain and implored the Defendant Deputies to remove the dog, the Defendant Deputies allowed the K9 to continue to gnaw and mangle Plaintiff's leg. Defendant QUICK replied that he would release the dog after Plaintiff was handcuffed despite Plaintiff's continued attempts to comply and verbal assents to the commands.

43.     Finally, after approximately one full minute of watching Plaintiff writhe in agony, pleading for relief, Defendant QUICK finally commanded K9 Wrex to release Plaintiff's leg.

44.     Plaintiff still could not see anything and was dazed from the attack but could feel blood pouring down his face and was unable to move his leg. Scared, confused, and anguished, Plaintiff laid in the mud and prayed help would arrive.

45.     Instead though, the Defendant Deputies, ignoring Plaintiff's obvious need for medical care, loaded Plaintiff into the back of a squad car where he was left afraid and bleeding, with deep gouges in the back of his right leg, for over 30 minutes.

46.     When the paramedics finally arrived, Plaintiff was transported to the hospital where he received over 60 stitches in his leg.

47.     During Plaintiffs transportation by Defendant Deputies a yet to be ascertained Defendant Deputy falsely accused Plaintiff of being a "child molester" and said that the reason they had released the K9 was because Plaintiff deserved to be injured.

48.     Plaintiff has never been convicted of child abuse, endangerment, or sexual assault.

49.     As a result of the Defendant Deputies egregious conduct, Plaintiff has suffered various infections, an aortic dissection, a stroke, fasciotomy, and asystole

**COMPLAINT FOR DAMAGES**

and has been hospitalized for approximately 65 additional days due to complications stemming from the injuries caused by the Defendant Deputies. Plaintiff also suffered, and continues to suffer, from extreme psychological distress and injury from Defendant Deputies' actions, including, but not limited to, nightmares, fear, trauma, anxiety, stress, depression, humiliation, and emotional distress.

50.     During the incident, the Defendant Deputies worked together as a group to back each other up, provide tacit approval for the incident, and support, assist, and encourage one another's actions.

51.     Each of the Defendant Deputies failed to intervene or prevent harm when their colleagues were depriving Plaintiff of her constitutional rights as stated in this Complaint.

52.     By failing to intervene, each of the Defendant Deputies additionally violated Plaintiff's constitutional rights.

53.     The actions and omissions of the County and Defendant Deputies of the Riverside County Sheriff's Office were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies, and procedures of the County and/or other jurisdictions.

54.     Plaintiff is informed, believes, and thereon alleges that the County and DOES 26 through 50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Deputies. Their failure to discipline Defendant Deputies, inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive force and the fabrication of official reports to cover up Defendant Deputies' misconduct.

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

55.     Plaintiff is informed and believes and thereon alleges that members of the Riverside County Sheriff's Office, including, but not limited to Defendants Deputies and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Plaintiff.

56.     Plaintiff is informed and believes and thereon alleges that City knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

57.     At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Plaintiff's rights, negligent, and objectively unreasonable.

## DAMAGES

58.     As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the First, Fourth, and Fourteenth Amendments, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendant's wrongful conduct.

59.     Plaintiff found it necessary to engage the services of a private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event she is the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

//
//
//
//
//

**COMPLAINT FOR DAMAGES**

# FIRST CAUSE OF ACTION
## (42 U.S.C. Section 1983)
## (Violation of the Fourth Amendment of the United States Constitution-Excessive Force)
## (Against Defendant Officers and DOES 1-25)

60.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 58 of this Complaint.

61.     42 U.S.C. § 1983 provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

62.     Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

63.     Moreover, Plaintiff had a firmly established right under the Fourth Amendment to be free from wrongful arrest.

64.     Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

65.     Defendants, acting in the performance of their official duties, used excessive force against Plaintiff.

66.     Plaintiff posed no threat to the Defendant Deputies at any point. Plaintiff had his hands visible and above his head, the universal sign of surrender, and was clearly unarmed when he exited his home. Plaintiff did not make furtive or aggressive gestures nor attempt to hide his hands from the deputies' view.  Plaintiff

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

was cooperative throughout the encounter and spoke openly with the Defendant Deputies.

67.     There was no need for the use of any force against Plaintiff because he was completely calm, cooperative, and unresisting at all times during the incident. Plaintiff attempted to explain his ocular condition many times but was willfully ignored each time. Plaintiff complied with every order the deputies gave, including walking across an uneven surface while essentially blind, even when it put Plaintiff at risk of injuring himself on the uneven terrain.

68.     The use of force by the Defendant Deputies in striking Plaintiff multiple times in the head and body, pulling Plaintiff to the ground, dropping a knee into Plaintiff's chest with full force, and dog piling four to six deputies on top of Plaintiff was unnecessary, unreasonable, and excessive, and constituted an unreasonable search and seizure.

69.     Likewise, the use of force in deploying the K9 deputy was unnecessary, unreasonable, and excessive, and constituted an unreasonable search and seizure.

70.     In using excessive force, the Defendant Deputies were acting in accordance with widespread informal practices and customs maintained by the County and Riverside County Sheriff's Office, as elaborated upon in paragraphs 88 through 95.

71.     Defendants, acting under the color of statute, ordinances, regulations, customs, and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

72.     The conduct alleged herein caused Plaintiff to be deprived of his civil rights which are protected under the United States Constitution and its Amendments. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional

**COMPLAINT FOR DAMAGES**

The Law Offices of **John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

73.     The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the Fourth Amendment of the United States Constitution-Denial of Medical Care)
### (Against Defendant Officers and DOES 1-25)

74.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 73 of this Complaint.

75.     Despite Plaintiff's obvious need and requests for medical care for the injuries he sustained as a result of the excessive force employed by the Defendant Deputies, Defendants refused to timely summon medical care for Plaintiff thereby implicitly insisting that Plaintiff cruelly continue to suffer mental, physical, and emotional pain.

76.     The denial of medical care by Defendants deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures and to receive medical care as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

77.     As a result of the foregoing, Plaintiff suffered and continues to suffer great physical pain and emotional distress, including deformation, loss of functionality of his right leg, continuing medical complications throughout his body, and loss of wages and earning capacity.

78.     Defendant Deputies knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

79.     The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

80.     As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violation of the First Amendment of the United States Constitution–**
**Questioning Police Action)**
**(Against Defendant Officers and DOES 1-25)**

81.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 80 of this Complaint.

82.     At all times relevant herein, Plaintiff had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

83.     Upon information and belief, Defendants chose to use and/or used excessive force against Plaintiff in retaliation for Plaintiff's exercising of his right to protest police action and advocate for his liberty and free movement.

84.     Plaintiff thus was within his right to verbally protest his wrongful seizure by the Defendant Deputies in addition to their physical abuses. Plaintiff was not the suspect the deputies were there to contact nor the subject of an active warrant. Plaintiff was merely a homeowner protesting to illegal, warrantless entry of his home. Plaintiff was not under arrest at the time and thus was under no obligation to subject himself to custody.

//

**COMPLAINT FOR DAMAGES**

85.     On information and belief, the Defendant Deputies retaliated against Plaintiff with physical force, including unnecessarily deploying K9 Wrex, for exercising his First Amendment right to free speech, including protesting the activities of the Defendant Deputies on his property.

86.     The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

87.     As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Monell – Municipal Liability for Unconstitutional Custom or Policy)
### (Against Defendants County and DOES 26-50)

88.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 87 of this Complaint.

89.     On information and belief, Defendant Officers and DOES 1 through 25's, inclusive, conduct, individually and as peace officers, was ratified by the County Sheriff's department supervisorial officers DOES 26-50.

90.     On information and belief, Defendant Officers were not disciplined for their use of excessive force against Plaintiff.

91.     On and for some time prior the November Raid, (and continuing to the present day) Defendant Deputies and DOES 1 through 25, inclusive, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution, in that said defendants, and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    a. Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers, who at all times material herein County knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written County Sheriff's Office policies, including the use of excessive force and permitting access to medical care;

    b. Inadequately supervising, training, controlling, assigning, and disciplining County Sheriff's deputies, and other personnel, including Defendants, who the County knew, or in the exercise of reasonable care should have known, had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force and denying access to medical care.

    c. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Sheriff's deputies of the County;

    d. Failing to discipline the County Sheriff's deputies' conduct, including but not limited to unlawful seizures, excessive force, denying access to medical care, and violations of the First Amendment;

    e. Ratifying the intentional misconduct of Defendants and other deputies who are Sheriff's deputies of County;

    f. Having and maintaining an unconstitutional policy, custom and practice of arresting individuals without probable cause or reasonable suspicion, and using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

    g.  Failing to properly investigate claims of unlawful seizures and excessive force by County Sheriff's deputies.

92.    By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff was severely injured, subjected to pain and suffering, and lost his earning capacity for which Plaintiff is entitled to recover damages.

93.    Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

94.    By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers, acted with an intentional, reckless, and callous disregard for the rights of Plaintiff. Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

95.    Furthermore, the policies practices, and customs implemented, maintained, and, still, tolerated by Defendants, individually and as peace officers, were affirmatively linked to and were significantly influential force behind the injuries of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

//

//

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

## FIFTH CAUSE OF ACTION
### (Violation of California Civil Code §52.1)
### (Against Defendant Officers and DOES 1-25)

96.   Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 95 of this Complaint.

97.   Defendant Deputies' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

98.   As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights and suffered damages as set forth herein.

99.   Plaintiff is entitled to injunctive relief and an award of reasonable attorney's fees pursuant to Civil Code § 52.1(h).

100.   Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of her reasonable attorney's fees pursuant to Civil Code § 52(a).

101.   Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees, and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (42 U.S.C. § 1985)
### (Conspiracy to Violate Civil Rights)
### (Against Defendant Officers and DOES 1-25)

102.   Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 101 of this Complaint.

//

**COMPLAINT FOR DAMAGES**

103.    Defendant Deputies above-described conduct constitute the tortious act of excessive force against Plaintiff.

104.    Defendants, while working as deputies for the Riverside County Sheriff's Department and acting within the course and scope of their duties, targeted Plaintiff with abusive police practices.

105.    On information and belief, Defendants had no probable cause or justification for believing that Plaintiff posed a threat to anyone during the incident, including the Defendant Deputies. When Plaintiff exited his home his hands were in the air in an act of surrender and he was not acting aggressively nor threatening any person present and it was clear that Plaintiff was unarmed. Moreover, Plaintiff was not wanted for any crime at that time and thus was fully in his right to refuse the Defendant Deputies requests to exit his home.

106.    Despite all this, none of the many members of the Riverside Sheriff's Office intervened in the several Defendant Deputies unconstitutional use of excessive force against Plaintiff. In fact, three Defendant Deputies remained on top of Plaintiff, holding him down, as K9 Wrex was tearing at Plaintiff's hamstring.

107.    On information and belief, the yet to be identified Defendant Deputy who transported Plaintiff commented that Plaintiff was subjected to the excessive force, including the K9 bite, because he incorrectly assumed Plaintiff had acted inappropriately towards children in the past.

108.    Plaintiff has never been convicted of crimes against children thus this this accusation is not only false but egregious and malicious.

109.    On information and belief, the Defendant Deputies conspired to violate Plaintiff's civil rights and subject him to excessive force for the purpose of punishing Plaintiff for the false accusations lobbed against him.

110.    Moreover, on information and belief, there were three sergeants of the Riverside Sheriff's Department on scene during the incident who knew or should

**COMPLAINT FOR DAMAGES**

have known that the Defendant Deputies were violating Plaintiff's civil rights in employing the excessive force but did nothing to intervene in this shocking attack.

111.   In fact, on information and belief, Defendant RITTER, a Riverside Sheriff sergeant, was in fact holding Plaintiff's legs and moved to allow the K9 to maul Plaintiff. As a Sheriff's sergeant, Defendant RITTER knew or should have known that the actions taken against Plaintiff were excessive and thus unconstitutional and had a duty to intervene.

112.   Defendant Deputies actions were deliberate, jointly orchestrated, and in furtherance of the conspiracy to violate Plaintiff's constitutional rights.

113.   On information and belief, in furtherance of this conspiracy, Defendant QUICK deliberately looked around to make sure there were no witnesses before deploying and holding K9 Wrex on Plaintiff's leg. Furthermore, a yet to be identified deputy told witnesses to go back inside, furthering the conspiracy.

114.   As a result of the actions of Defendant Deputies, Plaintiff suffered severe pain, discomfort, severe and extreme emotional distress, fear, terror, anxiety humiliation, and loss of sense of security, dignity, and pride as a United States Citizen. Defendant Deputies had no legal justification for their conspiratorial conduct towards Plaintiff, and their use of force while acting under color of state law was an unreasonable and unprivileged act.

115.   The Defendant Deputies had knowledge of the wrongs conspired to be done and committed and had the power to prevent and/or aid in preventing the commission of the Defendants' unconstitutional conduct. Not one of the Defendant Deputies attempted to prevent and/or intervene to stop the violation of Plaintiff's civil rights.

116.   Plaintiff brings this action for the civil rights violations complained herein, and seeks compensatory damages, punitive damages, and attorney's fees, as recoverable pursuant to 42 U.S.C. § 1983.

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Battery)
### (Against Defendant Officers and DOES 1-25)

117.   Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 116 of this complaint.

118.   Defendants caused Plaintiff to be struck multiple times in the head and body, kneed in the chest with the full force of a standing deputy, and dog piled by three Defendant Deputies with the unlawful intent to harm him.

119.   Moreover, Defendants caused Plaintiff to be bitten by K9 Wrex with the unlawful intent to harm him.

120.   Plaintiff did not consent to the touching and was harmed by it.

121.   Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

122.   The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendant Officer DOES 1-25)

123.   Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 122 of this complaint.

124.   Defendants' conduct as described herein was outrageous.

125.   Defendants intended to cause Plaintiff emotional distress.

126.   Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

COMPLAINT FOR DAMAGES

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

127.    Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

128.    Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

129.    The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
### (Negligence)
### (Against Defendants and DOES 1-50)

130.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 129 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

131.    The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1 through 25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendant DOES 1 through 25 were acting within the course and scope of their employment and/or agency with Defendant County. As such Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendant DOES 1 through 25 pursuant to section 815.2 of the California Government Code.

132.    The Defendant Deputies and County are liable for negligent pre-arrest tactics preceding the use of deadly force. The use of K9 deputies like the one deployed in this case can constitute the use of deadly force.

**COMPLAINT FOR DAMAGES**

133.   The Defendant Deputies acted negligently in their use of excessive and potentially deadly force against Plaintiff, including beating Plaintiff, dog piling on top of him, and deploying the K9 deputy, by failing to give Plaintiff a fair opportunity to comply with the Defendant Deputies request for Plaintiff to give them his hands. Defendant Deputies knew, or should have known, that a person such as Plaintiff, with four to six deputies wrestling him face first into the mud, would have difficulty complying with a request to show his hands due to the melee occurring around him. It was unreasonable for the Defendant Deputies to assume that in this position Plaintiff would immediately be able to comply with the request. The force used my Defendant Deputies was potentially deadly in that Plaintiff was beaten, compressed by four to six deputies, and then mauled by a K9 near a major artery in Plaintiffs' leg, all activities which have been shown to cause death.

134.   The Defendant Deputies were further negligent in allowing the K9 to continue to bite Plaintiff for an extended time after the Defendant Deputies should have reasonably concluded that Plaintiff was not a threat to the deputies on the scene nor any potential civilians in the area. The Defendant Deputies knew or should have known that Plaintiff was unarmed during the entire encounter because Plaintiffs hands were up, and he was holding his belongings in his raised hands. Moreover, the Defendant Deputies knew or should have known that Plaintiff was not a threat due his compliance with all the Defendant Deputies requests and their previous encounters with him during which Plaintiff had always been compliant and nonviolent.

135.   In addition, the Defendant Deputies are liable for failing to intervene when fellow officers violate the constitutional rights of another.

136.   The Defendant Deputies were negligent in failing to intervene as Plaintiff's First, Fourth, and Fourteenth Amendment rights were violated by the assault from the K9 Deputy. It was clear that the use of force was excessive and

**COMPLAINT FOR DAMAGES**

was harming Plaintiff, yet none of the Defendant Deputies intervened in anyway until after Plaintiff's rights had been violated and he had suffered a great deal.

137.   Furthermore, the Defendant Sergeants, including Defendants RITTER, AYALA, and COHEN are liable for failure to adequately supervise, train, control, assign, and discipline Riverside County Sheriff's Department deputies, including the Defendant Deputies, who the Defendant Sergeants, including but not limited to  DOES 26-50, knew, or in the exercise of reasonable care should have known, the Defendant Deputies were acting negligently in punching, dog piling, and deploying K9 Wrex for an extended period of time on a compliant, nonthreatening individual who was not suspected of any crime, such as Plaintiff.

138.   Plaintiff was greatly harmed, and Defendants' negligence was a substantial factor in causing his harm.

139.   Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

140.   Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.  For general damages in a sum according to proof;

2.  For special damages in a sum according to proof;

3.  For punitive damages in a sum according to proof as to Defendant Officers and DOES 1-25;

4.  For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.  For any and all statutory damages allowed by law;

6.  For cost of suit herein incurred; and

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

7.  For such other and further relief as the Court deems just and proper.


Dated:  January 8, 2021    **THE LAW OFFICES OF JOHN L. BURRIS**


_____/s/ *DeWitt M. Lacy*_____

DeWitt M. Lacy

Attorney(s) for Plaintiff

**COMPLAINT FOR DAMAGES**